# MEMORANDUM DECISIONS.

## THE ANDREW J. WHITE.

(District Court, S. D. New York. June 29, 1899.)

COLLISION—EVIDENCE CONSIDERED.

In Admiralty. Collision.

Carpenter & Park, for libelant.
James J. Macklin, for respondent.

BROWN, District Judge. The libel charges that the libelant's canal boat, Michael E. Kiley, while lying inside the slip at the foot of Sixty-Second street, North river, was run into by a car float, which was in charge of the steam tug Andrew J. White and which had broken loose and been allowed to run into the slip and damage the libelant's boat. The damage occurred early in the morning of February 16, 1898, probably about 5 o'clock, during a storm of wind and rain.

Notwithstanding the very diligent effort of libelant's counsel to make out a case against the White and her float, I am satisfied from a careful consideration of all the circumstances and testimony that there is not satisfactory evidence that the damage was done by the White, so as to warrant a decree in the libelant's favor. All the witnesses from the tug and float testify that the float did not break loose after getting out in midriver opposite about Seventieth street, but came down in midriver or a little to the westward, nearer to the Jersey shore, and so on around the Battery, and that at no time were they anywhere near the slip at the foot of Sixty-Second street, where the libelant's boat lay. The libelant seeks to meet this testimony in part by the direct evidence of two or three persons in the slip who claimed to recognize the float and the tug White, and in part by hearsay evidence or impeaching testimony. The argument is mainly upon hypothesis; and I think imagination plays too large a part in the case. The first witness called was a woman of 70, who swore to the identity of the float by seeing distinctly names which were never upon it. The libelant claims that because the float was let loose from the tug at one time while backing from the center of the float bridge at Sixty-Eighth street, and in shifting before going down river, that the float broke loose and drifted down river in the ebb tide and was carried by the wind into the slip. This is theory only. It is contradicted by the evidence that it was not high water at Governor's Island until 3:30; and as the current runs flood in the North river at least two hours after high water or about two and one-half hours at Seventieth street, the tug could not have drifted down at that time as supposed, but on the contrary she would drift up somewhat while she was shifting, as the witnesses for the float testify. The injury to the rail of the float it seems to me is clearly shown not to have arisen from the supposed collision.

Without going further into the numerous particulars which have been most industriously argued, I am satisfied that the evidence is insufficient to warrant a decree, and the libel should, therefore, be dismissed, without costs.